

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CMS Shipping, Inc., d/b/a Atlantic Pacific Lines,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>)<br>Global Freight, Inc. and Sebastiano Uzielli De Mari,  )<br>)<br>Defendants.  ) | No.  05 C 7260<br><br>The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

On August 19, 2006, CMS Shipping, Inc., d/b/a Atlantic Pacific Lines ("APL" or "Plaintiff") filed a nine-count complaint against Defendants Global Freight ("Global") and Uzielli De Mari ("Uzielli"). On May 30, 2006, Defendants filed a motion to dismiss Counts I, II, IV against both Defendants, and Counts III, V, VI, VII, VIII, and IX against Uzielli pursuant to *Fed. R. Civ. P. 12(b)(6)*. On April 6, 2006, APL's action against Global and Uzielli was consolidated with *Aprile v. Global, et al.*, 05 C 4850.[1] For the reasons stated herein, Defendants' present motion to dismiss is DENIED.

### I. Factual Background

In resolving a motion to dismiss, the Court takes as true the following facts from Plaintiff's complaint. APL entered into a contract with Global to transport and/or arrange transportation of

---

[1] On December 9, 2005, this Court ruled on a *12(b)(6)* motion to dismiss in 05 C 4850, which was filed by Global and Uzielli against Plaintiff Aprile Seafreight, S.P.A.

1

cargo from foreign ports to various ports in the United States. (Compl. ¶ 7). Specifically, pursuant to the contract, Global contracted with vendors to ship containerized cargo from various foreign ports to ports in the United States. (Id.). Global then instructed APL to transport or arrange transportation of the cargo. (Id.). APL prepaid freight costs associated with the transportation of the cargo and then invoiced Global for reimbursement of the cost for the cargo freight. (Compl. ¶ 8). Despite numerous demands for payment and acknowledgment of the debt, Global refused to remit payment to APL. (Compl. ¶ 9).

According to APL, Defendant Uzielli is the dominating or sole shareholder of Global, officer and director of Global, and exercised absolute control over Global's affairs. (Compl. ¶ 10). In this capacity, Uzielli negotiated and entered into contracts with the intent of defrauding plaintiffs; and disposed of Global's assets for his personal benefit. (Compl. ¶¶ 11 and 12).

## II. Standard of Review

Motions to dismiss under *Rule 12(b)(6)* test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas. Serv. v. Indiana Gas Co.*, 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennet v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

### III. Analysis

*A. Piercing the Corporate Veil*

Defendants contend that Plaintiff failed to allege sufficient facts demonstrating that Uzielli utilized Global's assets for his personal benefit, thus Plaintiff is unable to sustain a claim for piercing the corporate veil.[2] Corporate veil claims are analyzed under state law. *Van Dorn Co. v. Future Chemical & Oil Corp.*, 753 F.2d 565, 570-71 (7th Cir. 1995). Under Illinois law, in order to pierce the corporate veil a plaintiff must demonstrate a "unity of interest and ownership such that the separate personalities of the corporation and the individual no longer exist," and circumstances such that "adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, or promote inequitable consequences." *People of the State of Illinois v. V & M Indus., Inc.*, 298 Ill. App. 3d 733, 700 N.E.2d 746, 750-51, 233 Ill. Dec. 218 (Ill. App. 1998).

A review of APL's Complaint reflects that APL alleged that Uzielli exercised absolute control over Global's affairs and used Global as a cloak for illegality. APL further alleges that Global was an undercapitalized shell and Uzielli misappropriated Global's funds. In addition, APL complains that "Global was so completely dominated by Uzielli that it had no separate mind, existence, or will of its own." (Compl. ¶ 14). APL's allegations, taken as true, indicate that Global was undercapitalized and simply functioned as a facade for the controlling shareholder, Uzielli. Moreover, Plaintiff is not required to allege the specific factual basis for its claim to pierce the

---

[2] Defendants attach Exhibit 2 to its motion, which they purport to be a ledger of transactions undertaken by Global. It is inappropriate for the Court to consider evidence (particularly unauthenticated evidence) outside of the pleadings in ruling on a motion to dismiss. *See Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 1998). Accordingly, the Court will not consider this evidence.

corporate veil. *See Liberty Mut. Fire Ins. Co. v. Reimer Exp. Enterprises, Ltd.*, 82 F. Supp. 2d 887, 891-92 (N.D. Ill. 2000)(noting that "the specificity sought by defendants" to justify piercing the corporate veil "is not required under the notice pleading standard"). Further discovery may ultimately support or disprove Plaintiff's allegations, but for present purposes Plaintiff's allegations provide sufficient notice to its claims to Defendants. Accordingly, Defendants' motion to dismiss Count I is denied.

## *B. Breach of Contract*

Plaintiff alleges that Global breached the terms of their contract by failing to pay for APL's services. Defendants' attempt to refute Plaintiff's argument by alleging that no written contract was executed between Global and APL and there was no meeting of the minds between the two parties. APL shipped cargo for on or behalf of Global. The shipment of cargo is a traditional maritime activity. Several courts have held that under maritime law an oral agreement is binding on the parties. *See Kossick v. United Fruit Co.*, 365 U.S. 731, 734, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961)("For it is an established rule of ancient respectability that oral contracts are generally regarded as valid by maritime law"); *Eimskip, The Icelandic Steamship, Co., Ltd and Eimskip, Inc., v. Mayflower Int'l, Ltd. and Atlantic Fish Market, Inc.*, 417 F.3d 72, 76 (1st Cir. 2005)("oral contracts are valid under general maritime law); *Edward Fontneau v. The Town of Sandwich, et al.*, 251 F. Supp. 2d 994, 1001 (D. Mass 2003)("maritime contracts do not require writing for validity"); *St. Paul Ins. Co. Of Illinois v. Great Lake Turnings, Ltd., et al.*, 829 F. Supp. 982, 984 (N.D. Ill. 1993). To prevail on a breach of contract under Illinois law, a plaintiff must establish: (1) the existence of a contract between the plaintiff and the defendant; (2) plaintiff's full performance of his duties under the contract; (3) defendant's breach, and (4) plaintiff's damages as a result of the breach. *Elson v. State*

*Farm Fire & Cas. Co.*, 295 Ill. App. 3d 1, 6, 691 N.E.2d 807, 229 Ill. Dec. 334 (1998)(*citing Nielsen v. United Servs. Auto. Ass'n*, 244 Ill. App. 3d 658, 662, 612 N.E.2d 526, 183 Ill. Dec. 874 (1993)). A plaintiff must allege facts sufficient to show that the contract terms have been breached. *Id.*

Construing all allegations and reasonable inferences in favor of the plaintiff, the Complaint sets forth that APL and Defendants Global and Uzielli had a contract to transport or arrange transportation of cargo. Pursuant to this agreement, Global was obligated to remit payment to APL for transportation of the cargo. Global, however, has failed to pay or transfer owed money to APL to cover the cost of transporting the cargo. Additionally, both parties allege that APL did engage in a business transaction in which they shipped cargo from Brazil to the United States. The Court finds that Plaintiff sufficiently pled an allegation of breach of contract, therefore, the motion to dismiss Count II is denied. Further, the Court notes that Defendants debate whether there was a meeting of the minds for the alleged contract; the Court finds that issue is a question of fact better suited for summary judgment and not a motion to dismiss.

## C. *Unjust Enrichment against Uzielli*

Defendants move to dismiss APL's claim of unjust enrichment against Uzielli on the basis that APL is unable to demonstrate that Uzielli received a personal benefit from APL. Global and Uzielli contend that because Uzielli did not contract or personally engage in business with APL, no benefit was ever conferred to Uzielli. The essence of a claim for unjust enrichment is that one party has received a benefit unfairly and that it would be unjust to allow the recipient to retain the enrichment. *Dames & Moore v. Baxter & Woodman, Inc.*, 21 F. Supp.2d 817, 827 (N.D. Ill. 1998). A claim for unjust enrichment only needs to allege "that there has been unjust retention of a benefit to the plaintiff's detriment." *Id.* In the instant case, Plaintiff alleges that Uzielli engaged in actions

5

which resulted in Uzielli receiving improper benefits from APL and Global's relationship. The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. At this stage of the proceedings, the Court has not found facts which may preclude APL from establishing an unjust enrichment claim against Uzielli in the future. Therefore, Defendants' motion to dismiss Count III is denied.

### D. *Fraud*

The Defendant argues that APL's pleadings fail to meet the level of specificity required under *Fed. R. Civ. P. Rule 9(b)*. *Fed. R. Civ. P. Rule 9(b)* requires that a plaintiff must plead the identity of the person making the misrepresentation and the time, place, and content of the misrepresentation and the method by which the misrepresentation was communicated. *Uni\*Quality, Inc. v. Infotronx, Inc.* 974 F.2d 918, 923 (7th Cir. 1992). Put simply, a plaintiff must plead with specificity the who, what, where, and when of the alleged fraud. *Stanley v. Intl. Amateur Athletic Fedn.*, 244 F.3d 580, 597 (7th Cir. 2001).

Plaintiff's Amended Complaint generally alleges that in 2004 and 2005, APL transported and/or arranged transportation of cargo on behalf of Global, and either Global or Uzielli misrepresented that Global would pay any outstanding debts. More specifically, the Complaint sets forth that in a January 11, 2005 meeting, and on various other occasions by email or telephone, Uzielli and Amy Rotter, on behalf of Global, promised APL's representatives that Global would pay all outstanding invoices to APL. The Complaint further states that Defendants made these representations knowing them to false, and with the intent that APL would rely on these statements. While Plaintiff only details one specific instance in which the fraud was allegedly perpetrated, this

6

allegation is sufficient to meet the requirements of *Fed. R. Civ. P. Rule 9(b)*. Accordingly, Defendants' motion to dismiss Count IV is denied.

### E. *Negligent Misrepresentation against Uzielli*

Defendants also seek to have plaintiff's negligent misrepresentation claim dismissed on the grounds that Uzielli is not in the business of supplying information. In order to recover for negligent misrepresentation in Illinois, a plaintiff must prove that the defendant making the negligent misrepresentation "is in the business of supplying information for the guidance of others in their business transactions." *Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc.*, 125 F.3d 468, 475 (7th Cir. 1997)(citations omitted). Plaintiff's complaint alleges that Uzielli made negligent misrepresentations in his business capacity, upon which plaintiff relied. Plaintiff further alleges that Uzielli breached a duty owed to plaintiff. As stated above, Plaintiff is not required have to allege all elements of its claim in order to survive a motion to dismiss. *Bennett*, 153 F.3d at 518. Therefore, although Plaintiff does not allege specific facts regarding whether Uzielli is in the business of suppling information, such specific allegations are not required to satisfy the notice pleading standing at this juncture. Further, a fact specific inquiry into whether Global or Uzielli is "in the business of supplying information for the guidance of others in their business transactions" is an inquiry better suited for summary judgment. *See Vanguard Fin. Serv. Corp. V. RW Prof. Leasing Serv.*, 1998 U.S. Dist. Lexis 17449 *9 (N.D. Ill October 23, 1998.) Therefore, Global's motion to dismiss Count V is denied.

### F. *Breach of Agency Agreement against Uzielli*

Defendants contend that because Plaintiff alleges that an agency agreement existed between

7

Global, not Uzielli, and APL, and further alleges that Global failed to remit payment pursuant to their agreement, Uzielli is not properly included as a Defendant in the instant matter. In addition, Defendants argue that Plaintiff fails to provide any supporting allegations as to why Global's failure to pay should be imputed to Uzielli. Defendants' argument is unavailing. An agency relationship is "a fiduciary relationship created by express or implied contract or by law, in which one party may act on behalf of another party and bind that other party to words or actions." BLACK'S LAW DICTIONARY 67 (8th ed. 2004). In an agency relationship the principal has the right to control the manner and method in which the agent performs work for her; and the agent has the power to subject the principal to personal liability. *Knapp v. Hill*, 276 Ill. App. 3d 376, 380, 657 N.E.2d 1068, 1071, 212 Ill. Dec. 723 (1st Dist. 1995). To form an agency, the parties need not use the word "agent" nor characterize their relationship as principal-agent. *RTC v. Hardisty*, 269 Ill. App. 3d 613, 619, 646 N.E.2d 628, 632-33, 207 Ill. Dec. 62 (3d Dist. 1995).

In the case *sub judice*, Plaintiffs allege that APL transported or arranged transportation of cargo according to Global's instructions. Plaintiff further alleges that Uzielli "exercised absolute control and dominion over the affairs of Global" and used Global as a "cloak for illegality." Reviewing the facts and all reasonable inferences in the light most favorable to Plaintiff, Plaintiff has sufficiently plead its allegations providing notice, and additional facts, supporting its claim as to Global and Uzielli. Therefore, the Court denies Uzielli's motion to dismiss Count VI.

## G.     *Breach of Fiduciary Duty against Uzielli*

Under Illinois law, a plaintiff may recovery for breach of fiduciary duty where: (1) a fiduciary duty exists on defendant's part; (2) the defendant breached that fiduciary duty; and (3) damages proximately resulted from the breach. Lucini Italia Co. v. Grappolini, 231 F. Supp.2d 764, 770

(N.D. Ill. 2002). Again, Defendants argue that the Court should dismiss this claim because Uzielli had no fiduciary duty or relationship with APL. The Court disagrees. APL's Complaint contains allegations that a contractual relationship existed between APL, Global, and Uzielli. Generally, a contractual relationship alone does not normally create a fiduciary duty. *Oil Express Nat'l, Inc. v. Latos*, 966 F. Supp. 650, 650-51 (N.D. Ill. 1997). A principle-agent relationship, however, may create a fiduciary relationship as a matter of law. See *Peterson v. H & R Block Tax Services., Inc.*, 971 F. Supp. 1204, 1213 (N.D. Ill. 1997); *Stathis v. Geldermann*, Inc., 295 Ill. App. 3d 844, 692 N.E.2d 798, 809, 229 Ill. Dec. 809 (Ill. App. Ct. 1998). In its Complaint, APL alleges facts supporting the existence of a principle-agent relationship between itself and Global and Uzielli. Further, APL's Complaint alleges that Uzielli breached its fiduciary duty owed to Plaintiff by allegedly misappropriating funds. Accordingly, Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim against Uzielli is denied.

## H.  *Conversion against Uzielli*

APL moves to dismiss plaintiff's conversion claim. The elements of conversion are "(1) a right in the property, (2) a right to immediate possession, (3) wrongful control by the defendant, and (4) a demand for possession." *IOS Capital, Inc. v. Phoenix Printing, Inc.*, 348 Ill.App.3d 366, 370, 808 N.E.2d 606, 610, 283 Ill. Dec. 640 (4th Dist 2004)(citing *Cirrincione v. Johnson*, 184 Ill.2d 109, 114, 703 N.E.2d 67, 70, 234 Ill. Dec. 455 (2d Dist. 1998)). Plaintiff alleges that APL transported cargo on behalf of Global for various vendors, and these vendors made payment to Global for these services. Plaintiffs further allege that Global failed to transfer these payments to APL, "the sole legitimate owner" of these payments. Next, the Complaint alleges that Global and Uzielli wrongfully detained the payments, and has converted this money for their own use, despite APL's

9

demand for payment. Taking these allegations as true, as *Rule 12(b)(6)* requires, APL's allegations are sufficient to state a claim for conversion under Illinois law. See *National Union Fire Ins. Co. of Pittsburgh v. Wilkins-Lowe & Co., Inc.*, 29 F.3d 337 (7th Cir. 1994). Accordingly, the motion to dismiss Count VIII is also denied.

I.      *Failure to Perform Duty as an Officer and Director*

APL alleges that Uzielli "failed to perform his duties as an officer and director of Global," and, in particular, "those duties in the management and disposition of Global's assets." Global responds that APL fails to state a claim for which relief can be granted because the allegation fails "to meet any pleading standard," and is comprised of guesswork and conclusory allegations. As discussed in *Aprile Seafreight, S.P.A. v. Global Freight, Inc. et al. 2005 U.S. Dist. Lexis 32797 (N.D. Ill. Dec. 12 2005)* as a general rule under Illinois law, a corporate officer does not have a fiduciary duty to the corporation's creditors. See, e.g., *Technic Engineering, Ltd. v. Basic Envirotech, Inc.*, 53 F. Supp. 2d 1007, 1010-11 (N.D. Ill. 1999). Illinois law, however, does permit a creditor to make a claim against a corporate officer for breach of fiduciary duty when the officer wrongfully converts or misappropriates corporate assets and, by doing so, affects the relation between the corporation and its creditors. See, e.g., *Dexia Credit Local* 2003 U.S. Dist. Lexis 18368; *O'Connell v. Pharmaco, Inc.*, 143 Ill. App. 3d 1061, 1070-71, 493 N.E.2d 1175, 1182, 98 Ill. Dec. 154 (1986); *Technic Engineering, Ltd.*, 53 F. Supp. 2d at 1011(holding that officers and directors have a fiduciary duty to creditors once the corporation becomes insolvent). Again, in the instant case, Plaintiff has specifically alleged that Uzielli fraudulently diverted funds. Plaintiff also alleged that Uzielli failed to perform his duties as an officer and director of Global and, more particulary, failed to perform his duties in the management and disposition of Global's assets. At this stage of the proceedings,

10

plaintiff is only required to set forth sufficient facts to place the defendant on notice of the claims, he is not required to prove his case. Accordingly, the Court denies Global and Uzielli's motion to dismiss Count IX.

## IV. Conclusion

For the aforementioned reasons, Defendants Global and Uzielli's Motion to Dismiss Counts I, II, IV against both Defendants and Counts III, V, VI, VII, VIII, and IX against Uzielli is DENIED.

IT IS SO ORDERED.

7/26/06
Dated

The Honorable William J. Hibbler
United States District Court